UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

CARMEN SANTIAGO and
MIGUEL SANTIAGO,

      Plaintiffs,

   -against-                                        05 Civ. 10731 (CM)

NEWBURGH ENLARGED CITY
SCHOOL DISTRICT, et al.,

      Defendants.

————————————————————————x

## DECISION AND ORDER GRANTING DEFENDANTS' PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING CERTAIN CAUSES OF ACTION AND DENYING PLAINTIFFS' CROSS-MOTION FOR LEAVE TO FILE LATE NOTICE OF CLAIM

McMahon, J.:

This matter is before the court on cross-motions: a motion by defendant, pursuant to Rule 12(c), for judgment on the pleadings dismissing certain causes of action, and plaintiffs' cross motion for leave to file a late notice of claim. The former motion is granted and the latter is denied.

The complaint and the answer in this matter reveal the following:

Carmen Santiago was employed as a typist in the Newburgh Free Academy (NFA), a school within defendant Newburgh Enlarged City School District (District). Santiago was injured while performing her job for the District on or about June 5, 2002. Over a year later, on July 14, 2003, Ms. Santiago had surgery for her injury. A doctor's note sent to the school on or about July 22, 2003 indicated that she was "totally disabled." She remained "totally disabled" until October 27, 2003, when Ms. Santiago advised the District that she could return to work for "light duty." A subsequent doctor's note indicated that she could not engage in "heavy lifting or repetitive activities."

Since Ms. Santiago was a typist, the District, by letter dated October 30, 2003, notified plaintiff that repetitive activities were an essential function of her position. She was also advised that heavy lifting was required, since her job required her to handle the mail for the NFA. Plaintiff did not return to work in any capacity.

By letter dated March 23, 2004, Ms. Santiago was advised that the District needed a

doctor's note with her diagnosis and expected date of return. She was to supply the note by April 1, 2004. The March 23 letter advised plaintiff that if she did not provide this information, the district would deem her to have abandoned her position.

Ms. Santiago did not provide a doctor's note until June 22, 2004. The note indicated that she had been diagnosed with a bone spur, was having rotator cuff surgery in July, and would be out of work for two to four weeks.

Ms. Santiago had her rotator cuff surgery, but she did not return to work within two to four weeks thereafter – or, indeed, at any time.

By letter dated September 13, 2004, the District notified Carmen Santiago that the Superintendent of Schools intended to submit a resolution terminating plaintiff's employment pursuant to Section 71 of the New York Civil Service Law to the Board of Education at its October 26, 2004 meeting. The notice advised plaintiff that she should respond in writing by October 5, 2004 if she could perform her job as a typist.

New York Civil Service Law Section 71 permits a civil service employer to terminate an employee who has been separated from service for more than one year by reason of disability resulting from an occupational injury.

Plaintiff did not respond to the September 13, 2004 letter. Consequently, the Superintendent submitted the resolution and the Board of Education terminated Ms. Santiago's employment on October 26, 2004. The next day, a letter notifying plaintiff of her termination, and advising her that she had a right to apply for an examination to determine her fitness to return to work within one year of the end of her disability, and explaining her Civil Service Law rights whether she was found fit or unfit in such an examination.

On or about July 20, 2005, plaintiff filed a notice of charge of discrimination and a charge of discrimination against defendants. She alleged that she was terminated on account of her race and gender.

Plaintiff received a right to sue letter from the EEOC on October 5, 2005. This action was filed on December 22, 2005. The complaint contains nine causes of action. The first three causes of action assert claims under Title VII of the Civil Rights Act of 1964. The Fourth, Fifth and Sixth causes of action assert claims under the New York State Human Rights Law. The Seventh cause of action seeks relief for First Amendment retaliation pursuant to 42 U.S.C. § 1983 (actually, the complaint says 1981, but since a First Amendment retaliation claim would have to be premised on § 1983, I will assume that the complaint contains a typographical error). The Eighth cause of action asserts that plaintiff was terminated without a hearing, in violation of her rights under the Fourteenth Amendment's Due Process Clause. And the Ninth Cause of Action seeks loss of consortium relief for Carmen Santiago's husband.

Defendants, having filed an answer to the complaint, move for judgment on the pleadings

dismissing the Fourth, Fifth, Sixth, Eighth and Ninth causes of action.

The motion is granted.

A. The Fourth, Fifth and Sixth Causes of Action
Are Dismissed for Failure to File a Notice of Claim

None of plaintiff's state law claims is cognizable because the plaintiff has not filed a notice of claim in connection therewith.

Section 3813(1) of the State Education Law makes the filing of a notice of claim within three months after the accrual of a claim an absolute condition precedent to the filing of a lawsuit premised on that claim.

The notice of claim requirement applies to claims for discrimination under the New York State Human Rights Law. Falchenberg v. N.Y.C. Dep't of Educ., 375 F. Supp. 2d 344, 350-51 (S.D.N.Y. 2005).

The Education Law requires that it appear from the face of the complaint that the plaintiff filed a timely notice of claim. The complaint in this action contains no such allegation, and in fact no notice of claim was filed. Therefore, the Fourth, Fifth and Sixth claims for relief must be dismissed.

Plaintiff's response to this is twofold. First, she asks this court to construe her EEOC Charge as a notice of claim. Second, she files a cross-motion seeking leave to file a late notice of claim. Neither prong of her response saves her state law claims.

Even if an EEOC charge could be considered a substitute for a notice of claim – and courts have repeatedly declared that it cannot[1] – this notice of claim would not suffice because it was served (on the wrong party, which is also a fatal defect)[2] over eight months after plaintiff was fired. Education Law requires a notice of claim to be filed within three months of the accrual of a claim. Plaintiff admits that she received notice of her termination on November 5, 2004. She

---

[1] See, e.g., Patterson v. City of New York, No. 97 Civ. 7159, 2000 U.S. Dist. LEXIS 5824, *7-8 (S.D.N.Y. May 4, 2000); Brown v. Massema Mem., No. 99 Civ. 4819, 2000 U.S. Dist. LEXIS 4819 (N.D.N.Y. Apr. 11, 2000); Baker v. Monroe, 47 F. Supp. 2d 371, 374 (W.D.N.Y. 1999).

[2] Education Law § 3831(1) requires that the notice of claim must be filed with the District's Board of Education, not with the Superintendent of Schools, to whom plaintiff caused her EEOC charge to be sent. The New York Court of Appeals has clearly stated that no variation from the law's requirement will be countenanced. Parochial Bus Sys., Inc. v. Bd. of Educ. of City of New York, 60 N.Y.2d 539, 548, 470 N.Y.S.2d 564 (1983).

had three months from that date to file her notice of claim. Jamieson v. Poughkeepsie City School Dist., 195 F. Supp. 2d 457, 467 (S.D.N.Y. 2002).

Plaintiff's cross-motion for leave to file a late notice of claim must be denied. A court is without power to authorize the late filing of a notice of claim by plaintiff, or to order that a late filed claim be deemed timely *nunc pro tunc*, where the statute of limitations – in the case of plaintiff's state law claims, one year from the date of accrual,[3] or November 5, 2005 at the latest – has expired. Education L. § 3813(2-a); Pierson v. City of New York, 56 N.Y.2d 950, 954-55 (1982); Schwinghammer v. Sullivan W. Cent. Sch. Dist., 2 A.D.3d 1126, 1126-27 (3d Dept. 2003). The one year limitations period for bringing a claim against the defendant district expired, at the latest, on November 5, 2005 – one year after plaintiff received the notice telling her that the Board had fired her pursuant to Section 71 of the Civil Service Law.

Plaintiff suggests that the one year statute of limitations for filing a lawsuit against a Board of Education pursuant to Education L. § 3813(b-2) should be equitably tolled, because she had physical and emotional problems during the period following her termination. The statute of limitations can, of course, be equitably tolled, see Montiel v. New York City Health & Hosp. Corp., 209 A.D.2d 491 (2d Dept. 1994), but the burden rests with plaintiff to prove her entitlement to a toll, and the burden is steep. Plaintiff would have to prove both that she was incapable of meeting her obligations under the statute of limitations in a timely manner, and that her incapacity extended until March 10, 2006, when she filed her motion for leave to file a late notice of claim. Plaintiff fails to meet that heavy burden.

Equitable tolling is sparingly invoked, and only when the plaintiff is prevented in some extraordinary way from exercising her rights. Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003). To show extraordinary circumstances, plaintiff must demonstrate that there was a causal relationship between the circumstances on which the claim for equitable tolling rests (in this case, alleged clinical depression) and the lateness of the filing. No such demonstration can be made if petitioner, acting with reasonable diligence, could have filed her application for relief in a timely manner. Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001); Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). It rests with plaintiff to demonstrate that her alleged physical and mental ailments rendered her unable to pursue her legal rights during that one year limitations period. Rhodes v. Senkowski, 82 F. Supp. 2d 160, 169-70 (S.D.N.Y. 2000).

Assuming *arguendo* that plaintiff was clinically depressed following her termination, as she alleges, she was nonetheless capable of filing a charge of discrimination with the EEOC on or about May 23, 2005, and of hiring a lawyer in July of that year. So plaintiff's ailments were not so incapacitating as to prevent her from protecting her rights. The statute of limitations on her state law claims against the defendants still had several months to run when plaintiff took

---

[3] New York State Education Law § 3813(2-b); Bucalo v. E. Hampton Union Free Sch. Dist., 351 F. Supp. 2d 33, 35 (E.D.N.Y. 2003).

these steps. Plaintiff could have filed her motion for leave to file a late notice of claim at that point – she did not need a right to sue letter from the EEOC in order to bring her claims under the State Human Rights Law. She did not do so. She therefore broke the chain of causation between her depression and her failure to file. She is not entitled to an equitable tolling of the limitations period until the date when she finally made her motion for leave to file a late notice of claim. Ireland v. Hinkle, 178 A.D.2d 823, 825 (3d Dept. 1991).

C.P.L.R. § 205(a), on which plaintiff relies, has no relevance to the issue before the court.

Plaintiff's loss of these claims does not substantially affect her rights. They are essentially duplicative of her claims under Title VII, which she will have an opportunity to pursue.

The Fourth, Fifth and Sixth Causes of Action are dismissed with prejudice.

B. The Ninth Cause of Action is Dismissed for
Failure to State a Claim for Relief.

In the Ninth Cause of Action, Miguel Santiago, Carmen Santiago's husband, seeks damages for loss of consortium. Such a claim is purely derivative and depends for its existence on an underlying claim that can serve as a basis for such a claim. It is well settled that none of the statutes invoked by plaintiff – Title VII, the First or Fourteenth Amendments to the United States Constitution, or the New York Human Rights Law – can serve as the basis for a derivative claim for loss of consortium. Moss v. Stinnes Corp., 169 F.3d 784, 785 (2d Cir. 1999); Murphy v. Cadillac Rubber & Plastics, Inc., 946 F. Supp. 1108, 1124-25 (W.D.N.Y. 1996). Therefore, Mr. Santiago's claims must be dismissed.

Additionally, Mr. Santiago did not file a timely notice of claim. There is no indication in the record that he was entitled to any equitable tolling. To the extent that his claims purport to derive from plaintiff's state law claims, they would have to be dismissed on that basis as well.

C. The Eighth Cause of Action is Dismissed As A Matter of Law.

Plaintiff claims that she was deprived of her job without due process of law because she did not receive a pre-termination hearing. She alleges that she was deprived of a liberty interest; in fact she means that she was deprived of a property interest in her job. The error in the complaint makes no difference; her claim fails as a matter of law.

On the pleadings, it is clear that plaintiff was deprived of her job pursuant to Section 71 of the Civil Service Law because she failed to report to work for more than one year after suffering an occupational injury. The pleadings reveal that the period of absence that triggers Section 71 passed and the procedures called for by Section 71 were complied with in every particular.

particular.

It is well settled that a civil service employee is not deprived of due process if the employee is terminated without a pre-termination hearing pursuant to Section 71 of the Civil Service Law. Allen v. Howe, 84 N.Y.2d 665, 672-73 (1994); Johnson v. Doe, No. 00 Civ. 3920, 2001 U.S. Dist. LEXIS 2447, *8 (S.D.N.Y. Mar. 12, 2001).

Because the Civil Service Law gave plaintiff post-termination due process (i.e., the right to demand to return to work, and to contest any determination that she was not fit to return to work), the Fourteenth Amendment requirement is fully satisfied. Vargas v. City of New York, 377 F.3d 200, 208 (2d Cir. 2004). Gudema v. Nassau County, 163 F.3d 717, 724 (2d Cir. 1998).

In any event, the pleadings demonstrate that plaintiff was given advance notice that the Superintendent would recommend her for Section 71 termination, and had an opportunity to demonstrate prior to termination that she was fit to return to work.

The Eighth Cause of Action is dismissed with prejudice.

### Conclusion

The defendants' motion for partial judgment on the pleadings is granted and the Fourth, Fifth, Sixth, Eighth and Ninth Causes of Action are dismissed. Plaintiffs' cross-motion for leave to file a late notice of claim is denied.

The parties shall appear for a conference to discuss the scheduling of discovery on the remaining claims on Friday, June 2, 2006 at 11:00 AM.

This constitutes the decision and order of the Court.

Dated: May 16, 2006

_____
U.S.D.J.

BY FAX TO ALL COUNSEL